Argued June 6, affirmed June 26, 1968

# GRAVES, *Appellant, v.* SPRINKEL, *Respondent.*

443 P. 2d 177

*Robert G. Ringo,* Corvallis, argued the cause for appellant. On the briefs were Ringo, Walton & Mc-Clain, Corvallis.

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

PER CURIAM.

This is an automobile intersection collision case. Plaintiff, a disfavored driver, had approached the intersection, and stopped as he was obliged to do. He permitted some cars to pass and then entered the intersection and attempted to make a left-hand turn. Defendant was approaching the intersection on the favored street. The two cars collided. This action followed.

At the trial the conflicts in the evidence involved the usual testimony about the distances involved, lookout, etc. The jury found for defendant. Plaintiff appeals.

The sole assignment of error relates to a failure of the trial court to remove an allegation of contributory negligence from the answer. The allegation read:

"* * * He [plaintiff] drove his said automobile into the path of defendant's automobile when a reasonably prudent person would not have done so under the circumstances."

There were three other allegations of contributory negligence which separately alleged failure to yield the right of way, failure of lookout and control. The trial court instructed the jury that if it found plaintiff guilty of any of the four specifications of negligence, it should find for defendant. No exception was taken to that instruction. The only assignment relates to the failure to strike the allegation from the pleading.

■■ The allegation is ambiguous and is apparently repetitious of the other specifications and should have been stricken. However, it is impossible for us to believe that in the trial of this typical intersection collision case that the jury was misled or that plaintiff was prejudiced in any respect because the allegation was left in the answer. If there was error in that respect it certainly was not prejudicial. We are fortified in that belief since plaintiff did not except to the instructions which included the challenged specifications.

Judgment affirmed.